IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America,        :

    Plaintiff,              :

  v.                              :        Case No. 2:08-cr-00204

Thomas Robert Andrews,           :        JUDGE GREGORY L. FROST

    Defendant.              :

<u>DETENTION ORDER</u>

The defendant, Thomas Robert Andrews, accompanied by counsel, appeared for a detention hearing on January 5, 2012. After the hearing, the Court decided that the defendant should be detained pending further proceedings. This order explains why.

On October 21, 2008, defendant was charged in an indictment with having a weapon while under a disability. The disability is a prior felony conviction for sexual battery, a charge to which he pleaded guilty in state court in 2000, and for which he received a sentence of two years' incarceration. The United States requested detention based on the contents of the Pretrial Services Report, which recommended that the defendant be held without bond pending trial because he appears to be both a danger to the community and a risk of flight or non-appearance. That request is judged under the following standard.

Under 18 U.S.C. §3142(f), a detention hearing may be held in a case involving, <u>inter</u> <u>alia,</u> a serious risk that the person to be detained will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror. Such a hearing may also be held if there is a serious risk that the person sought to be detained will flee. At the hearing, it is the task of the presiding judicial officer to determine whether any condition or combination of conditions

of release "will reasonably assure the appearance of the person as required and the safety of any other person and the community...."

Following the hearing, "if the judicial officer determines that no such conditions exists, such judicial officer shall order the detention of the person before trial." Id. If detention is based upon a finding that no condition or combination of conditions will reasonably assure the safety of any other person in the community, such a finding must be supported by clear and convincing evidence. Proof that the person sought to be detained is a serious risk of flight must be by a preponderance of the evidence.

18 U.S.C. §3142(g) requires the judicial officer to consider available information concerning (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. See, e.g., United States v. Arvanitis, 667 F. Supp. 693 (N.D.Ill. 1987). Detention may be ordered based upon a finding that the defendant is likely to continue to engage in criminal activity which poses a threat either to the community or to the safety of particular persons, and such circumstances are not limited to proof that the defendant poses a serious risk either to obstruct justice or to intimidate or injure a prospective witness or juror. See, e.g., United States v. Daniels, 772 F.2d 382 (7th Cir. 1985); United States v. Yeaple, 605 F.Supp. 85 (M.D.Pa. 1985).

The Pretrial Services Report paints a gloomy picture of defendant's past criminal and employment history. After the

conviction for sexual battery, defendant was paroled in 2001. His parole was revoked three times between 2001 and 2005. During that same time frame, he was arrested at least thirteen times, and was convicted of such offenses as failing to provide notice of a change of address (as a sexual offender, he was required to register and provide updates of his address), falsification, possession of drugs, aggravated menacing, and traffic offenses. There is apparently still an active warrant for him arising out of a charge from February, 2005 for obstructing official business, drug paraphernalia, and drug abuse. It should be noted that the instant weapons offense also occurred during this time frame.

In 2006, defendant was convicted of another registration offense and sentenced to 95 days in jail. In 2007, he was convicted yet again of such an offense, and also convicted of disorderly conduct in a case where he initially failed to appear at trial. In the same year, he also failed to appear in court on traffic offenses. In December, 2007, he was charged with weapons offenses, and was convicted in 2008 of improper handling of a firearm and sentenced to 17 months in prison. While that case was pending, he was arrested for misdemeanor drug abuse, and also failed to appear in court on traffic offenses.

After being released from prison, in 2010 defendant was again charged with failing to update his address, and he also pleaded guilty to another weapons charge and was sentenced to a 12-month prison term. It appears that although he was only convicted on one weapons offense, improper handling of a firearm, he was charged with two others, including carrying a concealed weapon and having a weapon while under a disability. He has just been released from prison.

As might be expected, someone who has had so much contact with the criminal justice system, and who has been in and out of

jail or prison frequently in the past ten years, does not have a significant history of steady employment.  In fact, the only employment he ever appears to have had is performing odd jobs such as snow plowing, yard work, or washing cars.  He also has a history of substance abuse, and was using marijuana and cocaine daily prior to his most recent imprisonment.

The only potentially positive factor is that, if released, defendant might have a place to live under electronic monitoring. His girlfriend attended the hearing and offered her mother's residence as somewhere he could stay, although there is currently no land line at the home.  Defendant suggested to Pretrial Services that he could live with his aunt, although as of the date of the hearing, she had not returned a phone call from Pretrial Services requesting that she verify the information set out in the Pretrial Services report.

Although the United States does have the burden in this case of proving danger to the community by clear and convincing evidence, the lengthy criminal history here shows that the defendant has almost continually been engaged in criminal behavior despite multiple arrests, convictions, jail and prison terms, and parole, for a period of more than ten years – essentially since he turned 18.  Of particular concern, regarding danger to the community, are the multiple parole revocations, the commission of new criminal offenses while on parole, and the frequent weapons offenses, all of which were committed while the defendant was a convicted felon and not permitted to possess a firearm.  This charge is yet another indication of his willingness to disregard such legalities and to obtain and possess firearms illegally.  The Court did not believe, especially when taking into account the other factors set forth in §3142(g), that any release conditions would be sufficient to prevent further dangerous criminal conduct by this defendant.

Therefore, he was detained without bond pending further proceeding.

The defendant is advised of his right to seek review of this order by a United States District Judge pursuant to 18 U.S.C. §3145(b).

<pre>
                              /s/ Terence P. Kemp
                              United States Magistrate Judge
</pre>